20-3500-cv
*Eric Goss v. E.S.I. Cases & Accessories, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-one.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

ERIC GOSS,

        *Plaintiff-Counter-Defendant-Appellant*,

        v.                                              No. 20-3500-cv

E.S.I. CASES & ACCESSORIES, INC.,

        *Defendant-Counter-Claimant-Appellee*.

_____

For Appellant:          MICHAEL J. WILLEMIN (David A. Schmutzer, *on the brief*), Wigdor LLP, New York, NY.

For Appellee:           GLEN LENIHAN (Andrew J. Urgenson, Judith L. Swartz, *on the brief*), Oved & Oved LLP, New York, NY.

On appeal from the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the district court on September 30, 2020, is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Eric Goss appeals from the judgment of the district court entered on September 30, 2020, granting summary judgment against Goss with respect to his breach of contract claim against Defendant-Counter-Claimant-Appellee E.S.I. Cases & Accessories, Inc. ("ESI"). We assume the reader's familiarity with the record.

ESI and Goss entered into an employment agreement (the "Agreement") on June 19, 2017. The Agreement provided that Goss would serve as ESI's Vice President and that he would report to ESI's Chief Executive Officer, Elliot Azoulay. Prior to Goss's employment with ESI, he owned and managed Intercon Development, LLC ("Intercon") and was a one-third owner of, and salesperson for, Stan Goss & Associates ("SGA"). According to Goss, once his ESI employment began, he transferred his SGA ownership interest to his brother, Mark Goss.

Under the Agreement, "[d]uring the duration of [Goss's] employment with [ESI]," Goss could not: (1) "accept other employment in any capacity whatsoever"; (2) "engage in any outside business or employment"; or (3) "become self-employed in any other capacity." Joint App'x at 206. The Agreement did, however, allow Goss to his retain his "ownership in Intercon" "[s]o long as [he did] not violate any of the non-competition provisions of th[e] Agreement or fail to perform [his] duties and responsibilities under th[e] Agreement." *Id*.

The Agreement provided that ESI could terminate Goss "For Cause." *Id.* at 208. The Agreement defined "For Cause" to include, among other things, "[Goss's] violation of any of the covenants of this Agreement." *Id.* If terminated "For Cause," Goss would not be entitled to any severance payments.

After a dispute over whether Goss was spending all of his working time on his prior business rather than ESI business, ESI terminated Goss "For Cause," and therefore did not provide him any severance pay. Thereafter, Goss sued ESI for breach of contract, alleging that his termination was, in fact, without cause. ESI brought various counterclaims. The parties filed cross-motions for summary judgment. On September 29, 2020, the district court granted in part and denied in part both parties' motions for summary judgment, dismissing Goss's claims for breach of contract and dismissing all of ESI's counterclaims.[1]

The court reviewed undisputed evidence that, "[b]etween June 20, 2017 and January 15, 2018, Goss sent no fewer than 67 emails from Goss's SGA email account concerning business that was not related to ESI." *Id.* at 312. It was also undisputed that, during this time, Goss exchanged numerous emails, using an SGA email address, with a K-mart buyer regarding SGA business (in

---

[1] ESI has not appealed that decision.

2

particular, the sale of tarps to K-mart and access to K-mart's computer system to change product pricing). The district court concluded that, "[d]espite the fact that the employment agreement does not clearly define what constitutes 'engaging in outside employment,' it strains logic to assert that the information and communications in the record would not constitute working for outside companies in violation of the employment agreement." Special App'x at 6. ESI therefore "had cause to terminate" Goss and so owed him no severance. *Id*. Goss timely appealed.

This Court's "review of a district court's grant of summary judgment is *de novo*." *Colon de Mejias v. Lamont*, 963 F.3d 196, 202 (2d Cir. 2020). "Accordingly, contract interpretation as a question of law is . . . reviewed *de novo* on appeal." *Id.* (internal quotation marks and alteration omitted). "Summary judgment is properly granted when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law." *Moreno-Godoy v. Kartagener*, 7 F.4th 78, 84 (2d Cir. 2021).

Generally, a motion for summary judgment "may be granted in a contract dispute only when the contractual language on which the moving party's case rests is found to be wholly unambiguous and to convey a definite meaning." *Topps Co., Inc. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008). That is the case here. Ambiguity "is defined in terms of whether a reasonably intelligent person viewing the contract objectively could interpret the language in more than one way." *Id.* Goss contends that the undefined terms "engage in any *outside business* or *employment*" are subject to multiple interpretations. Joint App'x at 206 (emphasis added). We disagree. Goss's numerous e-mails in connection with SGA are enough to establish as a matter of law that he engaged in business, repeatedly, on behalf of SGA, and therefore that he breached the Agreement. As Goss was prohibited from engaging in "any outside business," his business activity on behalf of SGA while employed by ESI was sufficient to support his termination for cause.

We have considered Goss's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3